******************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

DAVID DUBINSKY *v.* VERONICA REICH
(AC 40432)

Alvord, Bright and Beach, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant attorney, R, and R's law firm, for legal malpractice and intentional and negligent infliction of emotional distress in connection with R's service as the statutory (§ 46b-54) court-appointed guardian ad litem for the plaintiff's minor child in a marital dissolution action involving the plaintiff and his former wife. In his complaint, the plaintiff alleged, inter alia, that during the dissolution proceedings, R wrongfully recommended to the trial court supervised visitation between the plaintiff and his minor child and recommended against the use of coparenting counseling, and that he suffered emotional distress as a result of R's actions. The trial court granted the defendants' motion to dismiss the complaint for lack of subject matter jurisdiction and rendered judgment thereon, concluding that the defendants were entitled to absolute immunity and that the plaintiff lacked standing as to his legal malpractice claims. On the plaintiff's appeal to this court, *held* that the trial court properly granted the defendants' motion to dismiss and determined that it lacked subject matter jurisdiction: that court properly concluded that the defendants were entitled to absolute immunity, as the plaintiff's complaint was not grounded on any conduct by R in which she acted outside the role of a court-appointed guardian ad litem, and the conduct that formed the basis of the plaintiff's claims was R's recommendation to the trial court of supervised visitation between the plaintiff and his minor child, as well as her recommendation against the use of coparenting counseling, which were made while R was fulfilling her statutorily prescribed duties as guardian ad litem to the plaintiff's minor child, thereby entitling R to absolute immunity; moreover, contrary to the plaintiff's assertion, granting absolute immunity to guardians ad litem is not contrary to public policy, as there are sufficient procedural safeguards to protect against improper conduct by a guardian ad litem, namely, a guardian ad litem is subject to the trial court's oversight and discretion and may be removed by the court at any time, either sua sponte or upon motion of a party, and a guardian ad litem, just as any other attorney, is subject to discipline for violations of the Code of Professional Conduct.

Argued October 24, 2018—officially released January 15, 2019

*Procedural History*

Action to recover damages for, inter alia, legal malpractice, and for other relief, brought to the Superior Court in the judicial district of Fairfield, where the court, *Radcliffe, J.*, granted the plaintiff's motion to cite in Bai, Pollack, Blueweiss & Mulcahey, P.C., as a party defendant; thereafter, the court, *Arnold, J.*, granted the defendants' motion to dismiss and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed.*

*Kenneth A. Votre*, for the appellant (plaintiff).

*Michael R. Keller*, with whom were *Eva M. Kolstad* and, on the brief, *James L. Brawley*, for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, David Dubinsky, appeals from the judgment of the trial court granting the motion to dismiss filed by the defendants, Veronica Reich and Bai, Pollack, Blueweiss & Mulcahey, P.C. On appeal, the plaintiff claims that the court improperly concluded that the defendants were entitled to absolute immunity. We disagree and, accordingly, affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the plaintiff's claim. Reich is an attorney with the law firm of Bai, Pollack, Blueweiss & Mulcahey, P.C. In the prior marital dissolution action between the plaintiff and his former wife; see *Dubinsky* v. *Dubinsky*, Superior Court, judicial district of Fairfield, Docket No. FA-12-4040496-S; Reich served as a court-appointed guardian ad litem for the plaintiff's minor child.

In his operative complaint,[1] dated September 9, 2016, the plaintiff alleged that, on June 23, 2012, shortly before the dissolution proceedings commenced, he was arrested and charged with risk of injury to a child in violation of General Statutes § 53-21, assault in the third degree in violation of General Statutes § 53a-61, and disorderly conduct in violation of General Statutes § 53a-182. The plaintiff alleged that, as a result, criminal protective orders were issued by the court, which prevented him from seeing his minor child and required him to stay away from his marital home. The plaintiff alleged that, on August 30, 2012, the criminal protective orders were dismissed. The plaintiff further alleged that, on January 28, 2013, the Department of Children and Families concluded that the charges against him were not substantiated and that there was no basis for a finding of abuse or neglect of his minor child.

The plaintiff alleged claims of legal malpractice, intentional infliction of emotional distress, and negligent infliction of emotional distress against the defendants. The plaintiff alleged that Reich "continued to hold [the criminal charges and protective orders] against the [p]laintiff, despite clear resolution in his favor." The plaintiff alleged that, in doing so, Reich "vindictively, intentionally and . . . recklessly" limited the plaintiff's access to his minor child, which was contrary to the best interests of the child. Specifically, the plaintiff alleged that Reich wrongfully recommended to the court supervised visitation between the plaintiff and his minor child and recommended against the use of coparenting counseling.[2] The plaintiff claimed that Reich's actions "caused [him] to suffer severe emotional distress and anxiety in being separated from his minor son and stepdaughter, the humiliation of supervised visitation with his minor son, the emotional distress of not being able to return to [his] marital home, and the

loss of reputation in the community."

On November 4, 2016, the defendants filed a motion to dismiss the plaintiff's complaint for lack of subject matter jurisdiction on the grounds that they were entitled to absolute immunity and that the plaintiff lacked standing to assert claims of legal malpractice. On January 12, 2017, the plaintiff filed a memorandum of law in opposition to the defendants' motion to dismiss in which he contended that the defendants were not entitled to absolute immunity and that, even if they were, they still would be liable "for the intentional actions undertaken by [Reich] that were outside the scope of her duty as a [guardian ad litem]." The plaintiff also asserted that he had standing because he had a relationship with the defendants as a result of a retainer agreement.[3] On January 17, 2017, the court held a hearing on the motion. The court issued its memorandum of decision on April 27, 2017, granting the defendants' motion to dismiss. The court ruled that the defendants were entitled to absolute immunity and that the plaintiff lacked standing with respect to his claims of legal malpractice.[4] This appeal followed.

The standard of review for a court's decision on a motion to dismiss is well settled. "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss will be de novo. . . . When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . In undertaking this review, we are mindful of the well established notion that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) *Villages, LLC* v. *Longhi*, 166 Conn. App. 685, 698, 142 A.3d 1162, cert. denied, 323 Conn. 915, 149 A.3d 498 (2016). "[A]bsolute immunity protects a party from suit and implicates the trial court's subject matter jurisdiction . . . ." *Bruno* v. *Travelers Cos.*, 172 Conn. App. 717, 729, 161 A.3d 630 (2017).

On appeal, the plaintiff claims that the defendants were not entitled to absolute immunity.[5] Specifically, he argues that absolute immunity does not apply when a guardian ad litem performs acts outside of the scope of her jurisdiction and that "the jurisdiction of a [guardian ad litem] in a marital dissolution [action] is limited to taking action in the best interests of the minor child." The plaintiff argues that Reich "went well beyond the best interests of the minor child and fell outside her jurisdiction as [guardian ad litem]." We disagree.

In *Carrubba* v. *Moskowitz*, 274 Conn. 533, 537, 877 A.2d 773 (2005), our Supreme Court recognized that attorneys appointed by the court pursuant to General Statutes § 46b-54 are entitled to absolute, quasi-judicial immunity for actions taken during, or activities necessary to, the performance of functions that are integral to the judicial process. Reich, as a guardian ad litem, was an attorney appointed by the court pursuant to § 46b-54.[6] Therefore, under *Carrubba*, Reich is entitled to absolute immunity for any actions taken within her role as guardian ad litem.[7]

The conduct that forms the basis of the plaintiff's underlying claims is Reich's recommendation to the court of supervised visitation between the plaintiff and his minor child, as well as her recommendation against the use of coparenting counseling. Reich made these recommendations to the court while fulfilling her statutorily prescribed duties as guardian ad litem to the plaintiff's minor child.[8] The plaintiff has not pointed to any actions taken by Reich outside of her role as guardian ad litem.[9] Therefore, Reich is entitled to absolute immunity.

The plaintiff further argues that "[p]ublic policy requires that the trial court recognize that there is a limitation to the actions of a [guardian ad litem]" and that "[t]he grant of immunity allows unchecked abuses of power by a [guardian ad litem]." We disagree. Granting absolute immunity to guardians ad litem is not contrary to public policy.[10] There are sufficient procedural safeguards to protect against improper conduct by a guardian ad litem. Because a guardian ad litem is appointed by the court, the guardian ad litem is subject to the court's oversight and discretion and may be removed by the court at any time, either sua sponte or upon motion of a party. See *Carrubba* v. *Moskowitz*, supra, 274 Conn. 543; see, e.g., Connecticut Judicial Branch, Code of Conduct for Counsel for the Minor Child and Guardian Ad Litem, available at https:// www.jud.ct.gov/family/GAL_code.pdf. (last visited January 9, 2019). Additionally, the guardian ad litem, just as any other attorney, is subject to discipline for violations of the Code of Professional Conduct. See *Carrubba* v. *Moskowitz*, supra, 543. Therefore, because the complaint was not grounded on any conduct by Reich in which she acted outside the role of a court-appointed guardian ad litem, the defendants are entitled to absolute immunity and the trial court lacked subject matter jurisdiction.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff filed his original complaint on April 20, 2016, in which he named Reich as the sole defendant. The plaintiff later filed a motion to cite in Bai, Pollack, Blueweiss & Mulcahey, P.C., as an additional defendant, which the court granted on August 29, 2016. On September 26, 2016, the plaintiff filed his amended complaint, which serves as the operative complaint, in which he alleged additional claims against Bai, Pollack, Blueweiss &

Mulcahey, P.C., in its capacity as Reich's employer.

[2] We note that, although Reich made these recommendations, it was indisputably the role of the court to make the final determinations as to custody, visitation, and parenting issues.

[3] "The court may order either party to pay the fees for [a] guardian ad litem pursuant to General Statutes § 46b-62, and how such expenses will be paid is within the court's discretion." (Footnote omitted.) *Ruggiero* v. *Ruggiero*, 76 Conn. App. 338, 347–48, 819 A.2d 864 (2003). In its memorandum of decision, the trial court found that "[t]here was no retainer agreement, as the court ordered the plaintiff to pay fees incurred by Reich for the execution of her duties in her role as the guardian ad litem for the minor child."

[4] On appeal, the plaintiff does not challenge the trial court's finding that he lacked standing to bring the legal malpractice claims. Therefore, this appeal relates solely to the issue of whether the defendants were entitled to absolute immunity with respect to the plaintiff's claims of intentional infliction of emotional distress and negligent infliction of emotional distress.

[5] In his reply brief, the plaintiff claims, for the first time, that "[i]t was error for the court to dismiss the [plaintiff's] cause of action on the sufficiency of the pleadings rather than treating the motion to dismiss as a motion to strike." We decline to review this claim. See *Medeiros* v. *Medeiros*, 175 Conn. App. 174, 190 n.12, 167 A.3d 967 (2017) ("[i]t is well established . . . that [c]laims . . . are unreviewable when raised for the first time in a reply brief" [internal quotation marks omitted]).

[6] General Statutes § 46b-54 (a) provides: "The court may appoint counsel or a guardian ad litem for any minor child or children of either or both parties at any time after the return day of a complaint under section 46b-45, if the court deems it to be in the best interests of the child or children. The court may appoint counsel or a guardian ad litem on its own motion, or at the request of either of the parties or of the legal guardian of any child or at the request of any child who is of sufficient age and capable of making an intelligent request."

The plaintiff argues that *Carrubba* is distinguishable from the present case because *Carrubba* involved an attorney for the minor child rather than a guardian ad litem. We find this argument unpersuasive. In *Carrubba*, our Supreme Court granted attorneys for the minor child the same level of immunity as guardians ad litem. The court stated: "[F]or the purposes of an immunity analysis, the court-appointed attorney for the minor child most closely resembles a guardian ad litem," and "we see no reason to accord appointed attorneys for minor children a lesser level of immunity than that traditionally accorded to guardians ad litem, at least in the performance of those functions that are integral to the judicial process." *Carrubba* v. *Moskowitz*, supra, 274 Conn. 546–47. Further, the court acknowledged that "[c]ourts in other jurisdictions have almost unanimously accorded guardians ad litem absolute immunity for their actions that are integral to the judicial process. . . . Courts have reasoned that the duty of a guardian ad litem to secure the best interests of the minor children places the guardian squarely within the judicial process to accomplish that goal . . . and, therefore, that a grant of absolute immunity is both appropriate and necessary in order to ensure that the guardian will be able to function without the worry of possible later harassment and intimidation from dissatisfied parents. . . . These same reasons support the extension of the same scope of immunity to attorneys appointed pursuant to § 46b-54." (Citations omitted; internal quotation marks omitted.) Id., 547–48. Thus, in granting attorneys for the minor child absolute immunity, the court recognized that guardians ad litem had traditionally possessed such immunity.

[7] Because the plaintiff did not allege any claims against Bai, Pollack, Blueweiss & Mulcahey, P.C., outside of its role as Reich's employer, it is similarly entitled to absolute immunity for any actions taken by Reich within her role as guardian ad litem.

[8] General Statutes § 46b-54 (e) provides in relevant part: "[A] guardian ad litem for the minor child or children shall be heard on all matters pertaining to the interests of any child, including the custody, care, support, education and visitation of the child, so long as the court deems such representation to be in the best interests of the child. . . ."

General Statutes § 46b-54 (f) provides in relevant part: "[A] guardian ad litem for the minor child shall consider the best interests of the child, and in doing so shall consider, but not be limited to, one or more of the following factors . . . the past and current interaction and relationship of the child with each parent, the child's siblings and any other person who may signifi-

cantly affect the best interests of the child . . . the willingness and ability of each parent to facilitate and encourage such continuing parent-child relationship between the child and the other parent as is appropriate, including compliance with any court orders . . . the effect on the child of the actions of an abuser, if any domestic violence has occurred between the parents or between a parent and another individual or the child . . . [and] whether the child or a sibling of the child has been abused or neglected . . . ."

[9] To the extent that the plaintiff argues that Reich's conduct fell outside the scope of her role as guardian ad litem because it was intentional, the plaintiff's claim fails. See *Carrubba* v. *Moskowitz*, supra, 274 Conn. 548–49 ("the fact that some of the allegations of the complaint claim that she did so in an intentional, rather than a merely negligent manner, does not defeat absolute immunity").

In addition, we reject the plaintiff's argument that Reich should not be afforded absolute immunity because, in his view, she did not act in the best interests of the child. This is precisely the type of claim that the court in *Carrubba* sought to protect against in affording absolute immunity to attorneys appointed pursuant to § 46b-54. See id., 543 ("the threat of litigation from a disgruntled parent, unhappy with the position advocated by the attorney for the minor child in a custody action, would be likely not only to interfere with the independent decision making required by this position, but may very well deter qualified individuals from accepting the appointment in the first instance").

[10] The court in *Carrubba* similarly analyzed public policy considerations. First, the court examined the policy reasons underlying judicial immunity. *Carrubba* v. *Moskowitz*, supra, 274 Conn. 539–40. In addition, the court considered whether procedural safeguards existed to protect against improper conduct by an attorney for the minor child. Id., 543. Although not specifically framed as a public policy analysis, the court's discussion addresses the same concerns that the plaintiff raises regarding guardians ad litem.